MEMORANDUM OF DECISION
PAUL M. GUERNSEY, Chief Judge.
The Petitioner seeks distributions from the grantor trusts established by The Mohegan Tribe for the benefit of his three minor children, M.H.B. (dob: 11/15/1994), M.F.B. (dob: 1/11/1999) and L.M.B. (dob: 8/28/2000). The somewhat unusual basis for this request is that the children were enrolled by their mother, Petitioner’s former spouse, in a non-accredited religion-affiliated school, the North Stonington Christian Academy,[1] (hereafter “NSCA”) and there now exists an arrearage for the three children for the past three years in the total amount of $42,462.50. Petitioner is seeking distributions from the three grantor trusts to discharge this arrearage plus cover the current year’s tuition.[2] For the reasons set forth below, the Court finds that payment of the arrearage (but not the current tuition) for the three children meets the statutory criteria of limited, extraordinary circumstances and is necessary for the essential education expenses for the children. MTC §§ 2-181, 2—183(h)(4).
The statutory basis for ordering the early distribution from a Mohegan child’s grantor trust is set forth in the Gaming Revenue Allocation Plan, MTC § 2-181 et seq., and has been described at length in prior opinions of this Court. See, e.g., Linda Baker, Petitioner, In Re: T.B.G., Docket No. CV-12-0103, Scott Quidgeon, Petitioner, In Re: T.T. and T.T., 1 M.T.C.R 46, 6 Am. Tribal Law 456 (2006). Grantor trust funds shall not be distributed prior to the minor Tribal member’s eighteenth birthday except where the Court, after the presentment of a detailed justification and careful consideration of the facts, finds an earlier distribution to be “necessary for essential living expenses to include health, education, or welfare costs”. MTC § 2—183(h)(4).
At the hearing on his petition, Petitioner testified that the children’s mother placed them in NSCA after St. Mary’s, the children’s prior school, closed, and that at the time this fit the needs of the children *19 and their attendance at NSCA contributed significantly to family harmony during the years following dissolution of Petitioner’s marriage. While the Court has no difficulty whatsoever with the choice of a religion-affiliated school, NCSA was, and remains, non-accredited.[3] Statements by NSCA that accreditation is being pursued remain unsubstantiated, and the assertion by the attorney for NSCA that “NSCA being a non-accredited school does not impact post high school planning and opportunities or foreclose a student’s abilities to apply to certain colleges”[4] does not appear to be accurate or supported by the evidence. The Court accepts the report of the Guardian Ad Litem that the approaches taken by different colleges can certainly vary, as well as the Petitioner’s testimony that, at the very least, graduation from a non-accredited school may require the student to take the GED (General Education Development) tests,[5] an obstacle that is hard to justify as being in the best interests of the children.
Nevertheless, the children have attended NSCS for the past three years, and M.H.B. is now a senior[6] exploring his college options and facing the additional hurdle of the GED examinations. NSCA has indicated that neither he nor his brothers will receive their transcripts until there is payment in full of the outstanding arrear-age or a substantial portion thereof.[7] The Guardian Ad Litem’s investigation has satisfied her that the Petitioner does not have the financial means to satisfy the arrear-age, and the Court agrees, making it more than likely that if the petition is not granted, at least as far as the arrearages are concerned, M.H.B. will be unable to pursue his college plans. The Court finds that this satisfies the “limited, extraordinary circumstances” criteria of MTC § 2-181, and that the payment of the arrearages is necessary for essential educational expenses for the minor Mohegan children.
As for the current tuition, Petitioner testified that his financial situation has improved, allowing him to make payments thereon. For the future, however, the Court, however, should note that payments to non-accredited schools are certainly not favored, and the placing of additional obstacles (in the form of high school degrees from non-accredited schools) in the path of minor Mohegan children’s higher education plans is hard to justify.
The Court accepts the recommendation of the Guardian Ad Litem, and it is hereby ORDERED:
1. That there should be withdrawn from the grantor trust for the benefit of M.H.B. a sum that will yield, after taxes, the amount of $14,155.00. Payment shall be made without delay in accordance with Paragraph 4, infra.
2. That there should be withdrawn from the grantor trust for the benefit of M.F.B., a sum that will yield, after taxes, the amount of $14,155.00. Payment shall be made without delay in accordance with Paragraph 4, infra.
*20 3. That there should be withdrawn from the grantor trust for the benefit of a sum that will yield, after taxes, the amount of $14,155.00. Payment shall be made without delay in accordance with Paragraph 4, infra.
4. That the Administrator shall explore any lawful means of effecting such payment so as to minimize the tax liability brought about by the foregoing withdrawals (such as by direct payment to NSCA or otherwise). Unless for tax purposes another means of payment is determined to be in the best interest of the minor Mohegan children, checks shall be made payable to “Mark F. Brown and North Stonington Christian Academy” and delivered in escrow to Ellen Grenger, Esq., 49 Whitehall Avenue, Mystic, CT 06355 to ensure compliance with Paragraph 5, infra, or, if so directed by the Office of the Attorney General for The Mohegan Tribe, to such Office to ensure compliance with Paragraph 5, infra.
5. That the recipient of the disbursement cheeks pursuant to Paragraph 4 shall either obtain transcripts for the three minor Mohegan children prior to such payment to NSCA or obtain written assurance, satisfactory to such recipient, that contemporaneously with such payment to NCSA, complete transcripts for the three minor Mohegan children for all periods covered by such payment will be delivered to Attorney Grenger or Petitioner.

. The website for the school describes it thus: Founded in 1981, North Stonington Christian Academy is an active ministry of the Second Baptist Church in North Stoning-ton, Connecticut. The school is a partner with parents for a Christ-centered education which integrates faith and learning, training students spiritually, intellectually, physically, emotionally, and socially. Solid scholarship and character development are provided in a loving atmosphere to prepare students for leadership and service. The Bible provides the foundation for teaching, and students are encouraged to explore knowledge in light of Scripture.

. The current tuition for the three children would total $13,650.00 per year, plus charges for various fees.

. This status prevented funding under the Private School Scholarship Policy as administered by the Mohegan Tribal Board of Education. See Plaintiffs Exhibit 8.

. Email from Kyle B. Wilkinson, Attorney at Law, to Attorney Grenger dated October 2, 2012, attached to the Guardian Ad Litem Report.

. The GED battery of tests consists of five subjects.

. He will turn 18 on November 15, 2012.

. Email from Kyle B. Wilkinson, Attorney at Law, to Attorney Grenger dated October 2, 2012, attached to the Guardian Ad Litem Report.